**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 21, 2023

Kevin M. Coen
Sara Toscano
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Brock E. Czeschin
Angela Lam
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Daniel C. Herr
Law Office of Daniel C. Herr LLC
1225 North King Street
Suite 1000
Wilmington, DE 19801

Re:   *EnVen Energy Corp. v. David M. Dunwoody, Jr. et al.*,
        C.A. No. 2019-0579-KSJM

Dear Counsel:

This letter opinion resolves the March 3, 2023 requests for leave to move for summary judgment filed by Defendants David M. Dunwoody, Jr. and Oilfield Pipe of Texas, LLC ("OPT").[1]

The requests arise out of an action brought by Plaintiff EnVen Energy Corp. ("EnVen") challenging kickbacks that Dunwoody, Jr.'s father received from OPT for its sales to EnVen. EnVen claims that Dunwoody, Jr., as EnVen's president, actively concealed this kickback arrangement from EnVen's board, causing EnVen to overpay for products from OPT to the benefit of Dunwoody, Jr. and his father.

---

[1] *See* C.A. No. 2019-0579-KSJM, Docket ("Dkt.") 181 (Dunwoody, Jr.'s Letter); Dkt. 182 (OPT's Letter).

"There is no right to a summary judgment."[2] "Even where the facts are not in dispute, a court may decline to grant summary judgment where a more thorough exploration of the facts is needed to properly apply the law to the circumstances."[3] "When an ultimate fact to be determined is one of motive, intention or other subjective matter, summary judgment is ordinarily inappropriate."[4] The court may "decline to decide the merits of the case in a summary adjudication where it is not reasonably certain that there is no triable issue."[5] This court has refused requests for leave to file motions for summary judgment where such proceedings "are apt to waste, rather than conserve, the resources of the parties and the court."[6]

---

[2] *Stone & Paper Invs., LLC v. Blanch*, 2020 WL 6373167, at *1 (Del. Ch. Oct. 30, 2020) (quoting *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002)) (internal quotation marks omitted).

[3] *In re Tri-Star Pictures, Inc., Litig.*, 1995 WL 106520, at *5 (Del. Ch. Mar. 9, 1995); *see also In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *8 (Del. Ch. June 12, 2014) ("[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application.").

[4] *Cont'l Oil Co. v. Pauley Petroleum, Inc.*, 251 A.2d 824, 826 (Del. 1969); *see also Amirsaleh v. Bd. of Trade of City of N.Y., Inc.*, 2009 WL 3756700, at *4 (Del. Ch. Nov. 9, 2009).

[5] *Unbound P'rs Ltd. P'ship v. Invoy Hldgs. Inc.*, 251 A.3d 1016, 1024 (Del. Super. Ct. 2021) (Wallace, J.) (cleaned up) (quoting *Parexel Int'l (IRL) Ltd. v. Xyomic Pharms., Inc.*, 2020 WL 5202083, at *4 (Del. Super. Ct. Sept. 1, 2020)) (interpreting parallel rule of the Delaware Superior Court).

[6] *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007); *see also Blanch*, 2020 WL 6373167, at *1 (denying leave to file a motion for summary judgment filed in "close proximity to trial" and where "any motion for partial summary judgment will not obviate the need for trial").

Motions for summary judgment typically require a court to dive deeply into a paper record without the benefit of live witnesses explaining the significance of that record. They require a tremendous investment of judicial resources. With trial and the attendant benefits of live witness testimony scheduled for July 2023, arguments that summary judgment motions might create efficiencies are tough to sell. Still, I acknowledge the potential benefits of summary judgment posed in the requests for leave, and I approached the requests open to the possibility that those benefits may outweigh the costs in this case.

Under the circumstances, there are no good reasons to permit motions for summary judgment here. As the requests themselves concede, even granting summary judgment at this stage would not obviate the need for trial. This weighs against any potential efficiencies. Further, my application of the law to this case would benefit from a more thorough factual record. The motions speak to factually rife issues. And I am not convinced that the issues raised are not triable. The requests for leave to move for summary judgment are denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)